UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In re:

    FOLTS HOME,[1]

                    Debtor.

Case No. 17-60139
Chapter 11 Case

_____

In re:

    FOLTS ADULT HOME, INC.,[2]

                    Debtor.

Case No. 17-60140
Chapter 11 Case

Joint Administration Requested

_____

### *EX PARTE* MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Folts Home and Folts Adult Home, Inc., the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court, *ex parte* (this "Motion"), for entry of an order, pursuant to 11 U.S.C. § 105(a) and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, providing for the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only. In further support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are 2183.
[2] The last four digits of the Debtor's federal tax identification number are 7237.

2827053.1

4.  The statutory and rule-based predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Bankruptcy Rules for the Northern District of New York (the "Local Rules").

## BACKGROUND

5.  On February 16, 2017 (the "Petition Date"), the Debtors filed separate, voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York (the "Court"), commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases"). The Debtors, through duly-appointed receivers HomeLife at Folts, LLC and HomeLife at Folts-Claxton, LLC (collectively, "HomeLife"), continue to operate their skilled nursing home and adult residence businesses, respectively, and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated. Concurrently herewith, the Debtors have filed a motion seeking joint administration of their Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

6.  Folts Home is a New York not-for-profit corporation and the owner of a 163-bed long-term residential health care and rehabilitation facility located at 100-122 North Washington Street, Herkimer, New York 13350 (the "Nursing Home Facility"). In addition to long-term skilled nursing and residential care, Folts Home provides memory care to residents with dementia, palliative care and respite care and operates an adult day care program. Folts Home also offers rehabilitation services, such as physical, occupational and speech therapy, on both in-

2827053.1

patient and out-patient bases.

7.  FAH, also known as Folts-Claxton, is a New York not-for-profit corporation and the owner of an 80-bed adult residential center that was constructed in 1998 and is located at 104 North Washington Street, Herkimer, New York 13350 (the "Adult Home Facility", and together with the Nursing Home Facility, the "Facilities").  FAH residents reside in separate apartments and are provided services such as daily meals, laundry, housekeeping and medication assistance.

8.  Folts Home and FAH currently have average daily censuses of 145 and 69, respectively.  Folts Home has three (3) major payors: Medicare, Medicaid and Excellus/Blue Cross.  The majority of FAH residents are government subsidized, with 58% covered by Social Security Insurance and 42% private pay.

9.  Pursuant to the Receivership Agreements dated November 1, 2014 executed by the Debtors, DOH and HomeLife, HomeLife entered into possession of the Facilities, including the real property, personal property and all of the Debtors' accounts, and was vested with all of the assets to be held in trust for the Debtors[3].  In addition, for the duration of the receiverships, all of the Debtors' employees have become HomeLife employees.  Further, HomeLife is authorized to use the Debtors' accounts receivable to operate the Facilities for its own account and be responsible for the profit and losses of the business conducted at the Facilities.  HomeLife is responsible for all payables accrued during its tenure, but is not responsible for any liabilities incurred by the Debtors or other parties prior to the commencement date of the HomeLife receiverships.  Any funds remaining in HomeLife's possession at the conclusion of the receiverships are the property of the Debtors. Finally, on or around February 14, 2015, the DOH issued Operating Certificates to HomeLife for the Facilities and the Debtors surrendered their operating certificates to the DOH.

---

[3] In this Motion, all references to the Debtors shall also include HomeLife, in its capacity as receiver.

10. Currently, Folts Home has approximately 218 active employees. Approximately 124 of the employees are full-time, 60 are part-time and 34 employees are employed on a *per diem* basis. FAH has approximately 22 active employees. Approximately 12 are full-time employees and 10 are part-time employees. None of Folts Home's or FAH's employees are represented by labor unions.

11. As a result of operating losses in 2011, 2012 and 2013 and the accumulation of significant debt during that period, the Debtors requested that the New York State Department of Health ("DOH") appoint receivers to operate the Facilities. As a result, receivers have operated the Facilities since October 1, 2013. HomeLife has operated the Facilities as receiver since February 14, 2015 and will continue in that capacity during the pendency of the Chapter 11 Cases.

12. The Debtors seek relief under chapter 11 of the Bankruptcy Code to implement the sale of the Facilities as going concerns pursuant to section 363 of the Bankruptcy Code, and to address the numerous significant claims that accrued prior to October 1, 2013. The Debtors seek this relief in light of their financial inability to continue operating the Facilities, the fact that they have encountered operating losses since 2011, and their desire to sell the Facilities to a qualified purchaser who will protect the health, safety and welfare of the Folts Home and FAH residents and preserve the Debtors' long-standing mission to provide quality residential healthcare to members of the Herkimer community.

13. A more detailed factual background relating to the commencement of these Chapter 11 Cases is set forth in the *Joint Affidavit of Anthony E. Piana, DDS and James H. Morey in Support of Chapter 11 Petitions and First Day Motions and Pursuant to Local Rule 2015-6* sworn to on the 14th day of February, 2017 (the "Joint Affidavit") filed in these Chapter

11 Cases and incorporated herein by reference[4].

## RELIEF REQUESTED

14.     The Debtors hereby seek entry of an order directing the joint administration of these Chapter 11 Cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

15.     The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Chapter 11 Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  The Debtors anticipate that numerous notices, applications, motions, and other pleadings, hearings and orders in these cases will affect both of the Debtors.

16.     Joint administration will save time and money and avoid duplicative and potentially confusing filings by permitting parties in interest to:  (a) use a single caption on all documents that will be served and filed in the Debtors' Chapter 11 Cases; and (b) file pleadings in one case rather than in multiple cases.  Joint administration will also protect parties in interest by ensuring that parties in each of the Debtors' respective Chapter 11 Cases will be apprised of the various matters before the Court in these cases.  Joint administration of these Chapter 11 Cases will ease the administrative burden for the Court and all parties in interest.

17.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases because the relief sought in this Motion is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or interest.

---

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Joint Affidavit.

2827053.1

18. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows (including the text in footnote one above):

```
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:
                                              Case No. 17-60139
        FOLTS HOME, et al.,                   Chapter 11 Cases
                                              (Main Case)
                           Debtors.           Jointly Administered
_____
```

19. The Debtors submit that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

20. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each case to reflect the joint administration of these Chapter 11 Cases:

> "An order pursuant to Federal Rule of Bankruptcy Procedure 1015(b) has been entered in this case directing the joint administration of the chapter 11 cases of Folts Home (Case No. 17-60139) and Folts Adult Home, Inc. (Case No. 17-60140). The case of Folts Home (Case No. Case No. 17-60139) has been designated the 'main' case; accordingly, the docket in Case No. 17-60139 should be consulted for all matters affecting the chapter 11 case of this debtor."

## **BASIS FOR RELIEF**

21. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are

"affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

22. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

## NOTICE

23. Notice of this Motion will be given to (i) the Office of the United States Trustee for the Northern District of New York; (ii) counsel for HomeLife; (iii) counsel for HUD and the IRS; (iv) counsel for the DOH; (v) the Debtors' twenty (20) largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions; and (vi) all required governmental agencies. In light of the nature of the relief requested herein, the Debtors submit that no further notice is required.

**WHEREFORE**, based upon foregoing, the Debtors respectfully request that the Court enter an order pursuant to 11 U.S.C. § 105(a) directing the joint administration of the Debtors' Chapter 11 Cases and granting such other and further relief as the Court deems appropriate.

Dated: February 16, 2017
      Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By:    /s/ Camille W. Hill
Stephen A. Donato, Bar Roll No. 101522
Camille W. Hill, Bar Roll No. 501876
Sarah M. Harvey, Bar Roll No. 519993
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202
Tel: (315) 218-8000
Fax: (315) 218-8100
Email: sdonato@bsk.com
      chill@bsk.com
      sharvey@bsk.com

*Proposed Counsel to the Debtors and Debtors in Possession*