It is SO ORDERED.

Dated: March 7, 2017
Utica, New York

DIANE DAVIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

FOLTS HOME, *et al.*,[1]

Debtors.

Case No. 17-60139
Chapter 11 (Main Case)
Case No. 17-60140

Jointly Administered

**EMERGENCY ORDER (A) AUTHORIZING DEBTORS
AND RECEIVERS TO UTILIZE CASH COLLATERAL PURSUANT TO
11 U.S.C. § 363, (B) AUTHORIZING DEBTORS TO GRANT ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES PURSUANT
TO 11 U.S.C. §§ 361, 362, AND 363, AND (C) SCHEDULING INTERIM
AND FINAL HEARINGS PURSUANT TO BANKRUPTCY RULE 4001**

This matter comes on for an emergency hearing pursuant to that certain Motion for an Emergency Order (the "Motion") (A) Authorizing Debtors and Receivers to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (B) Authorizing Debtors to Grant Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, and 363; and (C) Scheduling

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Folts Home (2183) and Folts Adult Home, Inc. (7237).

1

2843281.3 3/2/2017

Interim and Final Hearings Pursuant to Bankruptcy Rule 4001, filed by Folts Home and Folts Adult Home, Inc., the above-captioned debtors and debtors in possession (collectively, the "Debtors"). Among other forms of relief, the Motion seeks entry of this emergency Order (the "Emergency Order") authorizing, on an emergency basis, use of certain "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code")), all of which Cash Collateral may be presently subject to liens and security interests in favor of the U.S. Department of Housing and Urban Development ("HUD"), the Internal Revenue Service ("IRS") and the New York State Department of Health ("DOH"). At the hearing on the Motion held before this Court on February 16, 2017, counsel for the Debtors appeared, with the Debtors submitting proof to the Court that there exists an immediate and emergency need to use the Prepetition Cash Collateral in order to avoid irreparable harm to the Debtors' bankruptcy estates, and that the interests of HUD, the IRS and DOH in the Cash Collateral will be adequately protected, pending an interim hearing with respect to the Motion. Based upon the information presented to this Court at the emergency hearing on the Motion, and upon review of the Motion itself, it appears as follows and the Court finds that:

A. On Petition Date, the Debtors filed the above-referenced petitions for relief under chapter 11 of the Bankruptcy Code.

B. HomeLife is currently in possession of the Debtors' assets, and is operating the Nursing Home Facility and Adult Home Facility on behalf of the Debtors, pursuant to two Receivership Agreements dated as of November 1, 2014.

C. HUD, the IRS and DOH assert claims in the Debtors' Prepetition Collateral, as set forth in the Motion and the Joint Affidavit.

2843281.3 3/2/2017

Case 17-60139-6-dd    Doc 54    Filed 03/07/17    Entered 03/07/17 13:12:08    Desc Main
Document      Page 3 of 7

D.  The Debtors are unable, pursuant to Section 364(a) or Section 364(b) of the Bankruptcy Code, to obtain unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense.

E.  An emergency need exists for HomeLife to use the Prepetition Cash Collateral to continue to operate, pay the ordinary course operating expenses at the Facilities and generally conduct its business affairs so as to avoid immediate and irreparable harm to the Debtors' estates and the value of the Debtors' assets, subject to and within the limits imposed by this Order.

F.  The purpose of this Emergency Order is to provide for the use of the Prepetition Cash Collateral to prevent immediate and irreparable harm to the Debtors' estates, and to schedule certain hearings as provided herein.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED AS FOLLOWS:**

1.  Subject to the terms and conditions of this Emergency Order, HomeLife may use the Prepetition Cash Collateral and shall pay from such Prepetition Cash Collateral the ordinary and necessary business expenses identified on the Budget attached as Exhibit "A" hereto.

2.  The HomeLife's right to use the Prepetition Cash Collateral pursuant to this Order shall commence as of the Petition Date and expire on the date that is the earlier to occur of (a) 21 days after entry of this Emergency Order, or (b) 2 days after the date of the interim hearing (the "Expiration Date").

3.  As adequate protection for the use of the Prepetition Cash Collateral, HUD, the IRS and DOH are granted the following liens and benefits:

    a.  Continuing security interests and liens in the Prepetition Collateral; and

    b.  Liens to the same extent and priority as in the Prepetition Cash Collateral, subject only to properly perfected senior liens as such interests existed on the Petition

2843281.3 3/2/2017

Date, in property created, acquired or arising after the Petition Date (exclusive of any avoidance actions available to the Debtors' estates pursuant to chapter 5 of the Bankruptcy Code or any proceeds thereof) (the "Post-Petition Collateral", and such liens "Replacement Liens") to the extent of the actual diminution in value of the Prepetition Cash Collateral resulting from HomeLife's use after the Petition Date.

4. The Replacement Liens shall constitute valid and duly perfected security interests and liens as of the Petition Date. HUD, the IRS and DOH shall not be required to file or serve financing statements, notices of lien, or similar interests that otherwise may be required under federal or state law, or take any action, including taking possession, to validate and perfect such Replacement Liens.

5. The Debtors shall transmit for service a copy of this Emergency Order and the Motion not later than 5:00 p.m. on March X̶ 7, 2017 by first class mail upon (i) the Office of the United States Trustee for the Northern District of New York, (ii) counsel for HomeLife, (iii) counsel for HUD and the IRS, (iv) counsel for the DOH, (v) the Debtors' twenty (20) largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions, and (vi) all required governmental agencies. Service as provided above shall be deemed good and sufficient service of this Emergency Order and the Motion. The provisions of this Emergency Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court. If any or all of the provisions of this Emergency Order are hereafter modified, vacated or stayed by subsequent order of this or any Court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, priority, or benefit authorized hereby with respect to any indebtedness of the Debtors.

DD/ USBJ

2843281.3 3/2/2017

6. The subject of this Emergency Order is a "core" proceeding within the meaning of 28 U.S.C. § 157. This Emergency Order shall be fully effective upon its entry.

7. A hearing approving the relief requested in the Motion on an interim basis shall be heard before this Court at the Alexander Pirnie Federal Building, 10 Broad Street, Utica, New York on March 7, 2017 at 2:00 p.m. or as soon thereafter as counsel may be heard.

8. A hearing approving the relief requested in the Motion on a final basis shall be heard before this Court at the Alexander Pirnie Federal Building, 10 Broad Street, Utica, New York on March 28, 2017 at 9:30 a.m. or as soon thereafter as counsel may be heard.

###

2843281.3 3/2/2017

# Exhibit A

## Budget

2843281.3 3/2/2017

Emergency Cash Collateral Budget - 2/16/17-3/31/17

|  |  | Folts Home | Folts Adult Home |
|---|---|---:|---:|
| Revenue: | Opening Cash | 745,000 | 106,000 |
|  | Facility | 723,000 | 120,000 |
|  | Adult Day Care | 37,000 |  |
|  | Outpatient | 35,000 |  |
| Total Revenue |  | 1,540,000 | 226,000 |
| Necessary Expenses: |  |  |  |
|  | Staffing Agencies | 24,000 |  |
|  | Physicians | 4,200 |  |
|  | Payroll | 500,000 | 40,000 |
|  | Health Ins | 25,000 | 5,000 |
|  | Worker Comp | 49,000 | 21,000 |
|  | Other Benefits | 67,000 |  |
|  | Food | 28,000 | 12,000 |
|  | Utilities | 20,000 | 5,000 |
|  | Supplies | 20,000 | 5,000 |
|  | Cash Assestment | 54,800 |  |
|  | Mis. Repairs etc | 3,000 | 3,000 |
| Total Expenses |  | *795,000* | *91,000* |
| Surplus (Loss) |  | 745,000 | 135,000 |

Note: there are shared staff allocation per month owed by Folts Adult Home to Folts Home