So Ordered.

Signed this 9 day of March, 2017.

                          Diane Davis
            United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

    FOLTS HOME, *et al.*,[1]

                         Debtors.
_____

Case No. 17-60139
Chapter 11 (Main Case)
Case No. 17-60140

Jointly Administered

## INTERIM ORDER (A) AUTHORIZING DEBTORS AND RECEIVERS TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (B) AUTHORIZING DEBTORS TO GRANT ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, AND 363, AND (C) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

Upon consideration of the motion (*Docket No. 10*, the "Motion")[2] of Folts Home and Folts Adult Home, Inc., the above-captioned debtors (collectively, the "Debtors"), for entry of an interim order (this "Order"), (a) authorizing the use of cash collateral by the Debtors and receivers HomeLife at Folts, LLC and HomeLife at Folts-Claxton, LLC

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Folts Home (2183) and Folts Adult Home, Inc. (7237).
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

(collectively, "HomeLife") on an interim basis, (b) granting adequate protection pursuant to §§ 105, 361 and 363 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code"), and (c) scheduling a further hearing to consider entry of a final order approving the Debtors' and HomeLife's continued use of cash collateral (the "Final Order"); and upon the *Joint Affidavit of Anthony E. Piana, DDS and James H. Morey in Support of Chapter 11 Petitions and First Day Motions and Pursuant to Local Rule 2015-6* sworn to on the 14th day of February, 2017; and upon the *Emergency Order (A) Authorizing Debtors and Receivers to Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (B) Authorizing Debtors to Grant Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, and 363, and (C) Scheduling Interim and Final Hearings Pursuant to Bankruptcy Rule 4001* entered on March 7, 2017; and upon the record herein and after due deliberation and cause appearing therefor;

**AND WHEREAS:**

1. <u>Petition Date</u>. On February 16, 2017 (the "Petition Date") the Debtors filed separate voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases").

2. <u>Receivership</u>. HomeLife is currently in possession of the Debtors' assets, and is operating the Nursing Home Facility and Adult Home Facility as receiver on behalf of the Debtors, pursuant to two Receivership Agreements dated as of November 1, 2014. No request for a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of this Order, no official committees have been appointed or designated.

3. <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and rule-based predicates for the relief requested herein are §§ 105, 361 and 363 of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. <u>Debtors' Secured Obligations.</u> HUD, the IRS and DOH assert claims in the Debtors' Prepetition Collateral, as set forth in the Motion and the Joint Affidavit. HUD, the IRS and the DOH are collectively referred to as the "Prepetition Secured Creditors".

5. <u>Adequate Protection</u>. As adequate protection for the Debtors' use of cash collateral, the Prepetition Secured Creditors will receive the Adequate Protection Rollover Liens and performance of the Debtors' other obligations provided for under this Order (collectively, the "Adequate Protection Obligations").

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

6. <u>Motion Granted</u>. The Motion is granted on an interim basis with respect to the matters set forth herein.

7. <u>Authorization to Use Cash Collateral</u>. HomeLife, on behalf of the Debtors, is authorized, pursuant to the terms of this Order, to use Cash Collateral in accordance with the Budget attached hereto as **Exhibit 1**.

8. <u>Adequate Protection Rollover Liens</u>. In order to secure the Adequate Protection Obligations, the Debtors shall grant to the Prepetition Secured Creditors, effective as of the Petition Date and in accordance with their relative extent and priority, perfected rollover security interests in and valid, binding, enforceable and perfected liens (the "Adequate Protection Rollover Liens") on all Postpetition Collateral (as defined below), pending entry of the Final Order. The term "Postpetition Collateral" means, to the extent previously pledged, all of the Debtors' assets (real and personal), including, without limitation, all of each Debtor's cash,

3

accounts, inventory, equipment, fixtures, general intangibles, documents, instruments, chattel paper, deposit accounts, letter-of-credit rights, commercial tort claims, investment property, and books and records relating to any assets of a Debtor and all proceeds (including insurance proceeds) and products of the foregoing, whether in existence on the Petition Date or thereafter created, acquired or arising and wherever located, provided, however, the Postpetition Collateral shall not include, prior to entry of the Final Order, any claims of the Debtors pursuant to chapter 5 of the bankruptcy Code ("Avoidance Claims") or any monies or other property recovered in connection with the successful prosecution or settlement of Avoidance Claims.  The security interests granted to the Prepetition Secured Creditors hereunder shall not be subject to any security interest or lien that is avoided and preserved for the benefit of the estate of a Debtor under § 551 of the Bankruptcy Code.  Except for the Adequate Protection Rollover Liens or as otherwise provided in this Order, pursuant to § 552(a) of the Bankruptcy Code, all property acquired by the Debtors after the Petition Date is not and shall not be subject to any lien of any person resulting from any security agreement entered into by the Debtors prior to the Petition Date, except to the extent that such property constitutes proceeds of property of the Debtors that is subject to a valid, enforceable, perfected and unavoidable lien existing as of the Petition Date.

9. <u>Postpetition Lien Perfection</u>.  This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Adequate Protection Rollover Liens without the necessity of filing or recording any financing statement or other instrument or document (including, without limitation any mortgages or leasehold mortgages), or the taking of any other action whatsoever which may otherwise be required under the law of any jurisdiction

to validate or perfect the Adequate Protection Rollover Liens or to entitle the Prepetition Secured Creditors to the protections and priorities granted herein.

10. Payment of Sale Proceeds.

(a) Subject to the rights, if any, of any pre-Petition Date lien holder, all proceeds from the sale, collection or other disposition of Prepetition Collateral (other than the Cash Collateral that is permitted to be used hereunder) out of the ordinary course of the Debtors' businesses shall be held by the Debtors in escrow, for the benefit of the Prepetition Secured Creditors, in accordance with their relative priority, pending entry of the Final Order.

(b) Subject to the rights, if any, of any pre-Petition Date lien holder, all proceeds from the sale, collection or other disposition of Postpetition Collateral (other than the Cash Collateral that is permitted to be used hereunder) out of the ordinary course of the Debtors' businesses that does not also constitute Prepetition Collateral shall be held by the Debtors in escrow, pending entry of the Final Order.

11. Modification of Automatic Stay. The automatic stay imposed by § 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to permit the Debtors to grant the Adequate Protection Rollover Liens, all in accordance with the terms and conditions of this Order.

12. Termination. In the absence of a further order of the Court, and notwithstanding anything herein to the contrary, the Debtors' and HomeLife's authorization to use Cash Collateral shall cease after the date upon which any of the following events occurs (such date being a "Termination Date," and each event being a "Termination Event"):

    (i) the Debtors' or HomeLife's failure to comply with any of the terms or provisions of this Order, and the failure of the Debtors or HomeLife to cure such breach within 10 days of receiving notice of same;

    (ii) any stay, reversal, vacatur or rescission of the terms of this Order;

5

    (iii)    entry of an order by this Court or any other Court having jurisdiction over these Chapter 11 Cases approving any post-petition financing;

    (iv)    entry of an order by this Court dismissing either of the Debtors' Chapter 11 Cases or converting either of the Debtors' Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code;

    (v)    the appointment of a trustee or the appointment of an examiner with enlarged powers in any of the Debtors' Chapter 11 Cases unless such appointment is approved by the Prepetition Secured Creditors; or

    (vi)    any liens pursuant to the Prepetition Loan Documents or Adequate Protection Rollover Liens with respect to the Prepetition Collateral or Postpetition Collateral that were valid, binding and perfected, priority liens on the Petition Date or any liens granted pursuant to this Order shall cease to be valid, binding and perfected, first priority liens.

After the Termination Date, HomeLife or the Debtors shall be permitted to seek Court authority, after notice and a hearing, to use the Cash Collateral or other property of the Debtors; *provided*, *however*, that the Prepetition Secured Creditors shall have the right to object to such use.

    13.    <u>Good Cause</u>.  Good cause has been shown for the entry of this Order.  Among other things, entry of this Order will minimize disruption of the Debtors' businesses and operations and will permit HomeLife to meet payroll and other operating expenses, obtain needed supplies and retain resident and supplier confidence by demonstrating the ability to maintain normal operations.

    14.    <u>Good Faith</u>.  The adequate protection arrangements authorized hereunder have been negotiated in good faith and the terms of such adequate protection are fair and reasonable under the circumstances, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and are supported by reasonably equivalent value and fair consideration.

15. **Best Interests of the Debtors and Their Estates**. The Debtors have requested interim relief pursuant to Bankruptcy Rule 4001. The authority granted hereby to use Cash Collateral and to enter into the adequate protection arrangements set forth herein is vital to avoid irreparable harm to the Debtors and their estates. Entry of this Order is in the best interests of the Debtors and their estates and creditors as its implementation will, among other things, allow for the continued operation of the Debtors' existing businesses.

16. **Notice**. Under the circumstances, due and sufficient notice of the Motion was given.

17. **No Additional Waivers or Consents**. Except as expressly provided for herein or by the Bankruptcy Code, nothing contained herein shall:

(a) constitute a waiver by the Prepetition Secured Creditors of any rights which may exist under the Prepetition Loan Documents including, without limitation, (i) the right to exercise the rights and remedies of a secured party thereunder and under applicable law, or (ii) the right to seek additional adequate protection or to challenge any impairment of their respective claims or liens;

(b) constitute a waiver by the Prepetition Secured Creditors of the right (i) to seek to dismiss or convert this Case, (ii) to move for the appointment of a chapter 11 trustee or examiner (with or without expanded powers), or (iii) to seek relief from the automatic stay or to exercise any other rights which they may have under the Bankruptcy Code;

(c) constitute consent by the Prepetition Secured Creditors to the use of Cash Collateral other than as specifically provided herein; or

(d) obligate the Prepetition Secured Creditors to permit the use of the Cash Collateral other than as specifically provided herein or to advance funds to the Debtors for any

reason, including, without limitation, for the payment of expenses of administration under the Bankruptcy Code.

18. <u>Notice of Default</u>.  Any one or more of the Prepetition Secured Creditors shall provide the Debtors, counsel for the Debtors, counsel for HomeLife, counsel for any Creditors' Committee that may be appointed in these cases and the United States Trustee with written notice of the occurrence of a Termination Event described in paragraph 12(i).  No notice shall be required to be given with respect to any other Termination Event described in paragraph 12.

19. <u>No Other Liens</u>.  Unless otherwise provided by further order of the Court, and except as otherwise expressly provided herein, the Debtors and HomeLife shall be enjoined and prohibited from, at any time during the Chapter 11 Cases, granting liens in the Prepetition Collateral, the Postpetition Collateral or any portion thereof to any other parties pursuant to § 364(d) of the Bankruptcy Code or otherwise.

20. <u>Further Assurances</u>.  The Debtors shall execute and deliver to the Prepetition Secured Creditors all agreements, financing statements, instruments and other documents as the Prepetition Secured Creditors may reasonably request to evidence, confirm, validate or perfect the liens granted pursuant hereto.  The Debtors are authorized to do and to perform all acts, to make, execute and deliver all instruments and documents (including, without limitation, the execution of additional security agreements, mortgages and financing statements) and to pay costs and expenses which may be required or necessary for the Debtors' performance under this Order.

21. <u>No Filings Required</u>.  All liens granted herein to secure the Adequate Protection Obligations shall pursuant to this Order be, and they hereby are, deemed perfected effective as of

the Petition Date, and no further notice, filing or other act shall be required to effect such perfection.

22. <u>Survival; Successors and Assigns.</u> The provisions of this Order shall be binding upon and inure to the benefit of the Prepetition Secured Creditors, the Debtors, HomeLife and their respective successors and assigns (including, to the extent permitted by applicable law, any chapter 7 or chapter 11 trustee or other fiduciary hereafter appointed or elected for the estate or as a legal representative of the Debtors or with respect to the property of the estates of the Debtors). If an order dismissing either of these Chapter 11 Cases under § 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with §§ 105 and 349 of the Bankruptcy Code) that the rollover security interests and liens and other protections afforded or granted to the Prepetition Secured Creditors pursuant to this Order as of the date of such dismissal shall continue in full force and effect and shall maintain their priorities as provided in this Order until all obligations in respect thereof shall have been paid and satisfied in full (and that such rollover liens and other protections, shall, notwithstanding such dismissal, remain binding on all parties in interest). Notwithstanding any reversal, stay, modification or vacatur of this Order, any use of the Cash Collateral prior to such reversal, stay, modification or vacatur shall be governed in all respects by the original provisions of this Order, and the Prepetition Secured Creditors shall be entitled to all the rights, remedies, privileges and benefits granted herein with respect to such use. The Adequate Protection Rollover Liens shall not be discharged by the entry of an order confirming a chapter 11 plan in either of the Debtors' Chapter 11 Cases.

23. <u>No Effect on Intercreditor Rights</u>. No part of this or any other order entered by the Court on an interim basis or without the conduct of a final hearing shall in any way affect or

impair the relative priority, rights, claims or interests of any Prepetition Secured Creditors with respect to any other Prepetition Secured Creditors.

24. <u>Immediate Effect</u>.  This Order shall constitute the Court's findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

25. <u>Final Hearing</u>.  A final hearing shall be held on the Motion on March 28, 2017 at 9:30 a.m. prevailing Eastern Time (the "Final Hearing").  Any objections or responses to the Motion or to entry of a final order granting the relief requested in the Motion (the "Final Order") shall be filed and served no later than **seven days before** the Final Hearing and shall be served upon the Court and the following parties: (a) the Debtors, c/o proposed counsel to the Debtors, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Esq. and Camille W. Hill, Esq.; (b) counsel for HomeLife, Koch & Schmidt, LLC, 650 Poydras Street, Suite 2660, New Orleans, Louisiana 70130, Attn:  F. Evans Schmidt, Esq.; (c) counsel to any statutory committee appointed in these Chapter 11 Cases or, if no such committee has been appointed, to the Debtors' twenty (20) largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions, (d) the Office of the United States Trustee for the Northern District of New York, 10 Broad Street, Room 105, Utica, New York 13501, Attn: Guy A. Van Baalen, Esq., and (e) upon counsel for each of the Prepetition Secured Creditors by electronic filing of such objection with the Court's CM/ECF system and by first class mail.  In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter the Final Order without need for the Final Hearing.

26. <u>Service</u>. The Debtors shall transmit for service a copy of this Order not later than 5:00 p.m. on March 8, 2017 by first class mail upon (i) the Office of the United States Trustee for the Northern District of New York, (ii) counsel for HomeLife, (iii) counsel for HUD and the

IRS, (iv) counsel for the DOH, (v) the Debtors' twenty (20) largest unsecured creditors as set forth in the consolidated list filed with the Debtors' petitions, and (vi) all required governmental agencies.  Service as provided above shall be deemed good and sufficient service of this Order.  The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.  If any or all of the provisions of this Emergency Order are hereafter modified, vacated or stayed by subsequent order of this or any Court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, priority, or benefit authorized hereby with respect to any indebtedness of the Debtors

27.    <u>Retention of Jurisdiction</u>.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #