UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* | Case No. 17-60139 |
| | Chapter 11 Cases |
| FOLTS HOME, *et al.*,[1] | (Main Case) |
| Debtors. | *Jointly Administered* |

**APPLICATION FOR ORDER APPOINTING KOCH SCHMIDT, LLC AND HANCOCK ESTABROOK, LLP AS COUNSEL TO RECEIVERS**

HomeLife at Folts, LLC and HomeLife at Folts-Claxton, LLC (collectively "HomeLife") as the New York State Department of Health appointed receivers for the captioned debtors and debtors-in-possession ("Debtors") hereby submit this application (the "Application") for an order (the "Order") under sections 327(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing HomeLife to retain certain professionals in this case that are necessary for HomeLife to continue to perform its duties and obligations as receiver for the Debtors during the pendency of these chapter 11 cases.

**Jurisdiction**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The bases for the relief requested herein are Section 327 of the Code and Rule 2014-1 of the Local rules of this Court.

**Background**

3. On February 16, 2017 (the "Petition Date"), the Debtors filed separate, voluntary chapter 11 petitions for relief under Title 11 U.S.C. (the "Code" or "Bankruptcy

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Folts Home (2183) and Folts Adult Home, Inc. (7237).

{H3022452.12}    1

Code") in the United States Bankruptcy Court for the Northern District of New York (the "Court").

4. The Debtors sought relief under chapter 11 of the Bankruptcy Code to implement the sale of substantially all of the Debtor's assets consisting substantially of an adult home facility and a nursing home facility (the "Facilities") as going concerns pursuant to section 363 of the Bankruptcy Code.

5. The Debtors seek to sell the Facilities to a qualified purchaser who will protect the health, safety and welfare of the Facilities' residents and preserve the Debtors' long-standing mission to provide quality residential healthcare to members of the Herkimer community.

6. As of the date of this application, no request for a trustee or examiner has been made in these cases and, as of the date of the filing of this Application, no official committees have been appointed or designated.

**The Receivership**

7. HomeLife are Ohio limited liability companies that are engaged in the business of providing consulting services and management expertise to owners and operators of residential health care facilities.

8. On November 1, 2014, the New York State Department of Health ("DOH"), HomeLife, and the Debtors signed Receivership Agreements (the "HomeLife Receivership Agreements"), pursuant to which HomeLife were appointed receivers of the Facilities. The HomeLife receiverships commenced on February 14, 2015, following the DOH's final approval of the HomeLife Receivership Agreements.

9. Pursuant to the HomeLife Receivership Agreements, HomeLife entered into

possession of the Facilities, including the real property, personal property and all of the Debtors' accounts, and was vested with all of the assets to be operated and held in trust for the Debtors.

10. Because residential health care facilities may only be operated by individuals or entities issued operating certificates by the DOH, upon becoming receiver, HomeLife was issued such an operating certificate. The operating certificates of the Debtors were surrendered at that point in time, and may not be reissued without re-application and establishment of character and competency. Since October 1, 2013, the Debtors have not held the required operating certificates to operate the Facilities.

11. HomeLife's operating certificate has been extended by the Debtors and DOH through August 1, 2017. Schmidt Affidavit of May 8, 2017, ¶17, Exh. C.

12. Pursuant to the HomeLife Receivership Agreements:

   a. HomeLife was vested with authority over all assets of the Debtors to be held in trust. Exhibit A, Section 1.7; Exhibit B, Section 2.5.

   b. All items of personal and real property, including accounts, at the Facilities were made available to HomeLife to the extent of the Debtors' possessory interests therein, including the use of the premises by HomeLife.

   c. HomeLife was accorded all powers, rights, duties and obligations of a receiver appointed in an action to foreclose a mortgage on real property and in equity and HomeLife was also provided with all the powers, duties, rights and obligations as if appointed under § 2810(2) of the Public Health Law of the State of New York (Preamble, Article IV); Exhibit A, Section 4.0.

   d. HomeLife also has the powers, duties, rights and obligations as if appointed under Section 461-f(4) of the Social Services Law. See Exhibit B, section 4.

{H3022452.12}                           3

13. In addition, for the duration of the receiverships, all of the Debtors' former employees have become HomeLife employees. Further, HomeLife is authorized to use the Debtors' accounts receivable to operate the Facilities for its own account and be responsible for the profit and losses of the business conducted at the Facilities. HomeLife is responsible for all payables accrued during its tenure. HomeLife, however, is not responsible for any payables, liabilities or obligations that were incurred prior to the inception of the receivership, which are the sole responsibility of the Debtors. See Exhibit A, Section 1.7; Exhibit B, Sections 2.5 and 6.1.

14. Pursuant to the Receivership Agreements, HomeLife has collected incoming payments from all sources and applied them to the costs incurred in the performance of its functions as receivers. It continues to operate the Facilities. In addition, any funds remaining in HomeLife's possession at the conclusion of the receiverships are the property of the Debtors.

15. On March 7, 2017, the Court entered an interim order (the "Receivership Order") pursuant to which Homelife was, *inter alia*:

   a. Excused from delivering the Debtors' property to the Debtors pursuant to 11 USC 543(d)(1) and granted leave to remain in possession of same until June 15, 2017 or such other time as determined by the Court; and

   b. Ordered to cooperate with the Debtors concerning all aspects of the Chapter 11 Cases, including payment of Trustee's fees and complying with all of the Debtors' financial reporting requirements.

16. The Court further ordered that HomeLife shall not employ or pay any attorney, as that term is intended by Title 11 U.S.C. §327, without Court approval, based on a proper application, and made pursuant to a hearing on notice to all creditors.

**Relief Requested**

17.By this Application and as set forth in the Affidavits of attorneys Schmidt and Clark and Donald E. Ranke, Jr. of HomeLife, HomeLife seeks authorization to retain the law firms of Koch & Schmidt, LLC ("KS") and Hancock Estabrook, LLP ("Hancock") as professionals (the "Receiver's Professionals") to advise HomeLife, in its capacity as receivers for the Debtors during the pendency of these Chapter 11 cases.

18.KS represented HomeLife prior to the commencement of these cases and is familiar with HomeLife operations, structure and obligations under the Receivership Agreements.  KS is located in New Orleans, Louisiana and does not have a New York office.

19.Hancock is well experienced in bankruptcy law and practice, maintains offices in the Northern District of New York, and has attorneys admitted to practice before this Court.

20.The Receiver's Professionals will only be compensated pursuant to formal fee application to this Court in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the Northern District of New York, the United States Trustee Fee Guidelines, and any orders entered in these cases governing professional compensation and reimbursement for services rendered and charges and disbursements incurred.

**Basis For Relief**

21.HomeLife will continue to require the services of the Receiver's Professionals post-petition while operating the assets of the Debtors as required by the Receiver Agreements and this Courts prior order.   Moreover, the work of the Receiver's Professionals is directly related to preserving and maximizing the value of the Debtors' estates.

22.Receiver's Professionals anticipate preparing and filing on behalf of the HomeLife all necessary applications, motions, orders, reports, complaints, answers and other

pleadings and documents in the administration of the estates herein.

23. Receiver's Professionals further anticipate taking all necessary action to protect and preserve the Debtors' estates, including prosecuting, defending and conducting any negotiations in connection with any litigation in which HomeLife is involved in connection with the Debtors' estates.

24. The Receiver's Professionals will participate in the administration of these chapter 11 cases on behalf of HomeLife in order to manage and preserve the property in its charge in accordance with the Receivership Order. No previous motion or application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** HomeLife respectfully requests that the Court enter an order, effective *nunc pro tunc* to the Petition Date, permitting and authorizing the law firms of Koch & Schmidt, LLC and Hancock Estabrook, LLP to act as counsel and local counsel respectively to Homelife during the pendency of these cases and granting such other and further relief as is just and proper.

**DATED:**   May 9, 2017
New Orleans, LA

**KOCH & SCHMIDT, LLC**

By: s/F. Evans. Schmidt
F. Evans Schmidt, Esq. (*Pro Hac Vice*)
Jennifer E. Barriere, Esq. (*Pro Hac Vice*)
*Attorneys for HomeLife at Folts, LLC
and HomeLife at Folts-Claxton, LLC*
650 Poydras Street / Suite 2660
New Orleans, LA  70130
Telephone:   (504) 620-6633
Facsimile:    (504) 208-9041
E-mail:  eschmidt@kochschmidt.com
E-mail:  jbarriere@kochschmidt.com

{H3022452.12}                        6

**DATED:**   May 9, 2017
Syracuse, NY

**HANCOCK ESTABROOK, LLP**

By: <u>s/Manuel A. Arroyo</u>
R. John Clark, Esq.
Manuel A. Arroyo, Esq.
*Attorneys for HomeLife at Folts, LLC*
*and HomeLife at Folts-Claxton, LLC*
100 Madison Street
1500 AXA Tower I
Syracuse, New York 13202
Ph. (315) 565-4500
Fax: (315) 565-4600
E-mail:  rjclark@hancocklaw.com
E-mail:  marroyo@hancocklaw.com