Hearing Date: June 20, 2017
Hearing Time: 11:00 a.m.
Hearing Place: Utica, New York

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

FOLTS HOME, et al.,[1]

Debtors.

Case No. 17-60139
Chapter 11 Main Case
Case No. 17-60140

Jointly Administered

---

### DEBTORS' FURTHER SUBMISSION (I) CONCERNING MOTION TO APPROVE ASSET SALE UNDER SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, (II) TO REPORT RESULTS OF JUNE 6, 2017 AUCTION SALE AND (III) TO CONFIRM A BENEFIT TO THE ESTATES OF BOTH FOLTS HOME AND FOLTS ADULT HOME, INC.

Debtors Folts Home and Folts Adult Home, Inc. ("FAH") (collectively, the "Debtors"), by and through their counsel, respectfully set forth as follows:

1. On February 16, 2017 (the "Petition Date"), the Debtors commenced the captioned cases (the "Chapter 11 Cases") by each filing a separate voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of New York. The Debtors' skilled nursing home and adult residence (the "Facilities") are currently operated by duly-appointed receivers HomeLife at Folts, LLC and HomeLife at Folts-Claxton, LLC (collectively, the "Receivers"), respectively. No request for a trustee or examiner has been made in the Chapter 11 Cases and no official committees have been appointed or designated. The Debtors'

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Folts Home (2183) and Folts Adult Home, Inc. (7237).

2925375.1

cases are being jointly administered pursuant to an Order of Joint Administration entered by the Court on February 16, 2017.

2.      On February 16, 2017, the Debtors filed their Motion for Orders Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004: (A) (i) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of All Liens, Claims, Interests and Encumbrances, Subject to the Terms of the Asset Purchase Agreement and Subject to Higher and/or Better Offers; (ii) Authorizing and Approving the Form of a Certain Asset Purchase Agreement with Upstate Service Group, LLC; and (iii) Authorizing the Debtors to Consummate All Transactions Related to the Proposed Sale; (B) Approving Bidding Procedures and Other Related Relief; and (C) Authorizing Debtors to Assume Certain Executory Contracts and Unexpired Leases and to Assign Such Contracts and Leases to Purchaser Upstate Service Group, LLC Pursuant to 11 U.S.C. §§ 365(a), (b) and (c) and Bankruptcy Rule 6006(e)(1) [Docket No. 18] (the "Sale Motion").

3.      On March 27, 2017, the Court entered an Order Pursuant to Sections 363 and 105 of the Bankruptcy Code: (A)(1) Setting Deadline and Approving Requirements and Procedures for Interested Parties to Submit Competing Bids for Substantially All Assets; (2) Approving Form of Purchase Agreement; (3) Scheduling an Auction; (4) Setting Hearing Date to Approve Sale of Assets to Successful Bidder; and (5) Approving Procedures With Respect to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (B) Approving Form an Manner of Notice (the "Bidding Procedures Order") [Docket No. 82], which, among other things, authorized an auction sale (the "Auction") of substantially all of the Debtor's assets, including the

Facilities (the "Assets"). On April 12, 2017, the Court entered a Stipulation and Order Amending Sale-Related Dates and Deadlines in Bidding Procedures Order and Amending Bidding Procedures [Docket No. 108] (the "Amended Bidding Procedures Order"), which, among other things, revised the date of the Auction.

4. On June 6, 2017, the Debtors conducted the Auction in accordance with the Bidding Procedures and Amended Bidding Procedures approved by the Court. Attached hereto as **Exhibit "A"** is the Declaration of duly-appointed investment banker Jeffrey R. Manning, of CohnReznick Capital Markets Services, LLC ("CRC") (the "Manning Declaration"), which summarizes the proceedings at the Auction. Mr. Manning will appear at the June 20 Sale Hearing to testify concerning the sale process and respond to any questions that the Court or other parties may have.

5. As set forth in the Manning Declaration, at the conclusion of the Auction, the Debtors, in consultation with CRC and HUD, determined that the bid submitted by Cedar Holdings, LLC in the amount of $16,600,000.00 (the "Purchase Price") was the highest and best offer for the Assets and Cedar Holdings was determined to be the Successful Bidder. The bid in the amount of $16,475,000.00 submitted by Personal Healthcare, LLC was designated as the Backup Bid.

6. The Debtors are in the process of valuing the Assets and reviewing the allocation of the Purchase Price between their two estates and are participating in on-going discussions with counsel for the U.S. Department of Housing and Urban Development ("HUD") and the Office of the United States Trustee ("UST") concerning those issues. The Debtors, HUD and the UST have agreed that the final allocation of

the Purchase Price will be the subject of a separate, future motion and order to be entered in these cases.

7. In addition, this Court and the affected parties must decide how the funds totaling approximately $875,000 for Folts Home and $33,000 for FAH currently deposited with the U.S. District Court Clerk in the Interpleader Action will be treated in these cases. The resolutions of the issues concerning the Purchase Price allocation and the interpleader funds are inter-related, and should be resolved together, so as to maximize the benefit to the Debtors' estates.

8. The Amended Bidding Procedures provide that "[p]ursuant to section 9.2 of the Purchase Agreement, upon entry of the Final Sale Order, if the Successful Bidder or Backup Bidder is not the receiver of the Debtors' Facilities on the date the Final Sale Order is entered, the Debtors and the Successful Bidder shall immediately seek entry of an order by the Bankruptcy Court authorizing the New York State Department of Health ("DOH") to appoint the Successful Bidder as receiver of the Facilities for its own account (the "New Receiver")."

9. As a Successful Bidder who is not currently the receiver of the Debtor's Facilities, Cedar Holdings, LLC is required to immediately seek an order, and make the appropriate submission to the NYS Department of Health ("DOH"), to be appointed as the temporary receiver of the Facilities pending the sale closing. The Receivership Agreements of the current Receivers expire on August 1, 2017. It is therefore imperative that Cedar Holdings begin the receivership application and approval process as soon as possible.

10. Based upon the information contained in the Manning Declaration, the Debtors respectfully submit that the Auction was conducted properly, and in good faith, and the selection of the bid by Cedar Holdings, LLC as the highest and best offer for the Assets provides the greatest benefit to the Debtors' estates. The Debtors respectfully request that the Court enter an Order granting the Sale Motion and approving and authorizing the sale of the Assets to Cedar Holdings at this time so that (i) Cedar Holdings may immediately start the receivership application process with the DOH, and (ii) the Debtors, HUD and the UST can continue their discussions concerning the allocation of the Purchase Price in order to provide the most benefit to the Debtors' estates.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order, pursuant to sections 105(a) and 363 of the Bankruptcy Code, (i) granting the Sale Motion; (ii) approving and authorizing the sale of the Assets to Cedar Holdings, LLC, for a purchase price of $16,600,000.00; (iii) approving Personal Healthcare, LLC as the Backup Bidder and its bid in the amount of $16,475,000.00 as the Backup Bid for the Assets; (iv) authorizing the Debtors to take all appropriate steps to consummate the proposed sale transaction; and (v) granting such other and further relief as the Court deems just and proper.

Dated: June 13, 2017
      Syracuse, New York      BOND, SCHOENECK & KING, PLLC

By: _/s/ Camille W. Hill_
Stephen A. Donato, Bar Roll No. 101522
Camille W. Hill, Bar Roll No. 501876
*Counsel to the Debtors*
Office and Post Office Address:
One Lincoln Center
Syracuse, New York 13202
Tel: (315) 218-8000
Fax: (315) 218-8100
Email:  sdonato@bsk.com
           chill@bsk.com